Petition of DAVIS et al.

DAVIS et al. v. BARNES, Judge.

No. 6791.

Circuit Court of Appeals, Seventh Circuit.

June 30, 1939.

Don Kenneth Jones and Ernest F. Staub, both of Chicago, Ill., for petitioner.

Walter A. Wade and William C. Mulligan, both of Chicago, Ill., for respondent.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This is an original petition for a writ of mandamus directing the respondent to enter an order carrying into effect the mandate of this court in Davis v. Tower Building Corporation et al., 7 Cir., 88 F.2d 347. The facts in that case are fully set forth in the opinion and we shall refer to them but briefly. The questions there presented to us arose out of the reorganization proceedings of the Tower Building Corporation, under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. They related to allowances for services under section 77B(c) (9). The court had conducted a hearing on the petitions for services and had reduced them considerably. It thereupon proceeded to credit some of those allowances with certain voluntary payments which those petitioners had

received from the debtor for like services long before the reorganization proceeding was instituted. The aggrieved petitioners prosecuted their appeal to this court and we confirmed the allowances which the District Court had made, but reversed that part of the order which attempted to offset the prior voluntary payments made by the debtor.

At that time there was a reserved question of fraud which was not before us. It had been raised in a proceeding instituted by one of the smaller creditors, and the District Court appointed Lessing Rosenthal as special counsel to investigate and advise it as to whether any cause of action existed against the receiver by reason of his alleged fraudulent management of the property. At the same time the court confirmed the plan of reorganization, but provided in its order that nothing contained therein should be deemed to impair, release or affect in any way any existing claims against the receiver on account of any acts, duties, omissions or negligence.

With respect to the question of fraud we said:

"If it (fraud) shall be found to exist and if it then appears that the Committee participated therein and so acted as to cause injury to the estate, the District Court shall be at liberty to reconsider the allowances in the light of such showing.

"That part of the order granting allowances is affirmed without prejudice to reconsider the same in the light of 'additional proper evidence. That portion of the order directing the same to be set off against payments made under the voluntary agreement is reversed. The cause is remanded for proceedings in conformity with this opinion."

Subsequently, Mr. Rosenthal filed his report and, consistent with the report, an order was entered in the District Court to the effect that the charges of fraud and misconduct were without any foundation and that neither the receiver in the state court nor any of the petitioners for whose services claims had been allowed, was guilty of any fraud or other wrongdoing in connection with the administration of the affairs of the debtor. The court upon hearing sustained and affirmed this report, and in its order of approval it inserted the following paragraph:

"That on the basis of the evidence adduced and in the light of the authorities submitted and in view of the findings of the special counsel, it is determined that no cause of action exists in favor of the Tower Building Corporation, as reorganized or otherwise, or in favor of the first mortgage bondholders, whether or not represented by the Bondholders' Committee, against Holman D. Pettibone on account of the reductions in the rent of the Tower Theatre, or on account of any other act of commission or omission charged, and that regardless of the foregoing no damages were suffered by anyone by reason of Holman D. Pettibone's administration of the Tower Theatre, and that consequently proceedings against Holman D. Pettibone would not be justified."

The court in this order also reserved for future consideration and action the matter of compensation for Mr. Rosenthal, and this was the only reservation made.

Subsequently, on October 22, 1938, these petitioners moved that an order be entered in conformity with the opinion of this court, and their motion was continued for hearing by the District Court until October 29, 1938. Argument was held on that date and the District Court then announced that it would reconsider the allowances in the light of additional proper evidence and directed counsel for these petitioners to produce before him on a day certain their witnesses on the question of compensation who had theretofore appeared and testified before the special master, which testimony Judge Barnes had considered at the time and upon which he had allowed the claims hereabove referred to. The petitioners objected to a further consideration of their allowances and this petition followed with the permission of this court.

The only question presented here was whether or not the District Court had authority to again hear testimony as to the value of the services here involved after approving and confirming the report of Mr. Rosenthal and after finding and decreeing that there was no fraud. The difficulty lies in the interpretation of the first sentence of the last paragraph of our opinion wherein the order granting the allowances is affirmed without prejudice to reconsideration of the same in the light of additional proper evidence. It is obvious that the court has construed this sentence without giving consideration to the last sentence of the preceding paragraph. That sentence plainly states that the court is authorized to reconsider the allowances only in case the allegations of fraud should be

sustained. Of course, both sentences should be construed together and when so considered we think they correctly express the intention of this court, which was to permit a reconsideration of the allowances only in case there were findings of fraud, as alleged.

Under the facts presented to us, the petitioners, we think, are entitled to the writ. However, the District Court has very courteously suggested that a writ will not be necessary and that it will proceed in conformity with our determination. The clerk will not issue the writ until the further order of this court, and jurisdiction is hereby retained for that purpose.